LAND, J.
 

 This is a suit for damages in the sum of $10,000 for malicious prosecution and false imprisonment.
 

 From a judgment rejecting his demands," plaintiff has appealed.
 

 Defendant company is a Louisiana corporation, and is engaged in the business of writing life and industrial insurance.
 

 Plaintiff was employed in the year 1924 by defendant company as insurance solicitor and agent, and also to collect premiums and adjust sick and accident claims.
 

 In October, 1924, defendant company, through its president, made an affidavit charging plaintiff with the embezzlement of $145.95. An information, based upon this affidavit, was filed by the district attorney in the criminal district court for the parish of Orleans, and plaintiff was arrested and placed under bond for the offense charged.
 

 Later, plaintiff was prosecuted under another information, charging him with the embezzlement of $71.68, and .was acquitted by the jury, after the abandonment of the prosecution by the state.
 

 Defendant company’s defense to the suit is that, in making the affidavit against plaintiff, it acted without malice and' upon probable cause. In our opinion, this defense is amply sustained by the facts of the base, as testified to by the witnesses of plaintiff himself.
 

 
 *334
 
 It is true that plaintiff was found not guilty by the jury. However, the verdict, in our opinion, is far from being a complete vindication of plaintiff, as he was tried under circumstances favorable to himself, and disadvantageous to the state, since the prosecution was restricted to one week in proving a series of embezzlements extending over several weeks. Tr. pp. 22, 23, 24.
 

 Even under such restriction, the then acting assistant district attorney, a witness for plaintiff, testified that at least a dollar, or two dollars and a half, was proven to have been embezzled, but that he abandoned the case because he felt that, the state having failed to prove the larger sum of $71.68, the jury would not have convicted the plaintiff for the smaller amount. Tr. pp. 22, 23, 24.
 

 Plaintiff’s own witness shows that defendant company had probable cause for making the charge of embezzlement in this case.
 

 The affidavit' made by the president of defendant company covered several weeks of defalcations, and is supported by the report of a reputable firm of certified public accountants in the city of New Orleans, and shows a shortage of $71.68 in the accounts of plaintiff for the weeks of September 22, 1924, September 29, 1924, and October 6, 1924. This report is based upon the premium receipt books of policyholders who dealt with Smith, the plaintiff, as the collector of these weekly premiums or installments, and it was his duty to give a receipt to each of them by signing his name in each of these books, upon the payment to him of the premium due.
 

 The plaintiff placed the auditor of Ernst & Ernst on the stand as his witness. The above report showing plaintiff’s shortage is verified by this witness as correct, and, as appears from the premium books of the policyholders, checked against the duplicate route book held by defendant company, which contains the names of the policyh'olders on the route covered by plaintiff in making his collections, together with the number of each policy, and the premium due by each policyholder at stated periods.
 

 The auditor of Ernst & Ernst also testified that the signature of Smith, the plaintiff, in the various premium books offered in evidence, was the same as appeared in the reports that Smith had made out previously to defendant company, but that Smith did not make any report as to the collection of premiums found to be short. It was the duty of plaintiff to have entered the payment made by each policyholder in his individual route book, and to have reported it to defendant company. It is apparent that if plaintiff’s accounts with defendant company are correct, they would check with the premium books of the policyholders, and with the duplicate route book held by defendant company, but they do not do so, by a deficit of $71.68.
 

 Plaintiff has filed no receipt from defendant company in settlement of this amount, but attempts to account for his defalcations from September 23 to October 6, 1924, by making a wholesale charge against the various policyholders of the forgery of his name, as a receipt, in the various premium books.
 

 In this connection, plaintiff testified that he gave a receipt to Matthew Haines on a piece of paper, and not in the regular premium book, for the premiums paid by Haines, and due by him on October 13, 20, 27, and November 3 and 10, all being dated as received on September 29, 1924.
 

 Plaintiff denied his signature on Haines’ premium receipt book, declared same to be a forgery, and stated that Haines would corroborate plaintiff’s testimony. Haines was produced, and testified that plaintiff receipted for the above payments in the regular premium book, and that plaintiff’s signature,
 
 *336
 
 which he charged to be forged, was written by plaintiff himself in the presence of Haines, the witness.
 

 Defendant company made a written demand upon plaintiff for the adjustment of his shortage, before making the affidavit against him in this case, and gave plaintiff ample opportunity for .an amicable settlement, which plaintiff declined.
 

 The facts of the case, in our opinion, clearly show that defendant company, in causing the arrest and prosecution of plaintiff, acted in good faith, without malice, and upon probable cause.
 

 Plaintiff’s demand was therefore properly rejected in the lower court.
 

 Judgment affirmed.